IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

STEINGER & ISCOE, P.A.
D/B/A STEINGER, ISCOE AND GREENE,

    Plaintiffs,

v.

PAUL K. SCHRIER, P.A. and PAUL K. SCHRIER,
P.A. D/B/A FIRSTCALLPAUL and CALL PAUL,

    Defendants.
_____/

Plaintiffs, STEINGER & ISCOE, P.A. D/B/A STEINGER, ISCOE AND GREENE (hereinafter, "Plaintiff" and/or "SIG"), sues Defendants, PAUL K. SCHRIER, P.A. and PAUL K. SCHRIER, P.A. D/B/A CALL PAUL AND FIRSTCALLPAUL (collectively "FirstCallPaul" and/or "Defendants"), and allege as follows:

## THE PARTIES

1. Plaintiff, SIG, is a professional association doing business in the State of Florida and throughout Palm Beach County, Florida. Steinger and Iscoe, P.A. owns Steinger, Iscoe and Greene.

2. Defendant, Paul K. Schrier, P.A., is a professional association doing business in the State of Florida and throughout Palm Beach County, Florida.

3. Defendant, Paul K. Schrier, P.A., is a professional association doing business in the State of Florida and throughout Palm Beach County, Florida and does business as FirstCallPaul and Call Paul. See e.g., www.firstcallpaul.com.

**JURISDICTION AND VENUE**

4.      This is an action for unfair competition under 15 U.S.C. §1051, et seq. ("Lanham Act"), Dilution under 15 U.S.C. §1125, violation of Florida Statute §495.151 (Florida Dilution Act), and violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. §1125(d).

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b), and 15 U.S.C. §§1121 and §1125(d). This Court has supplemental jurisdiction over SIG's state law claim pursuant to 28 U.S.C. §1367 in that the state-law claim is integrally related to the federal claim and arises from a common nucleus of operative facts such that the administration of such claims herein is in the interest of judicial economy.

6.      Venue is proper under 28 U.S.C. §§1391(b) and 1391(c) in that a substantial part of the events giving rise to the claims asserted herein occurred in and are causing injury in Broward, Dade and/or Palm Beach County, Florida.

7.      At all times material hereto, Defendant engaged in and continues to engage in substantial business activity within the State of Florida.

**COMMON ALLEGATIONS**

8.      SIG is a law firm located throughout the State of Florida and in Palm Beach County, Florida.  SIG practices all types of personal injury law.

9.      The FirstCallPaul Defendants appear to be a personal injury law firm representing those injured in Ft. Lauderdale, Florida and throughout the State of Florida.

10.     According to the promotional material appearing on its Internet website, www.firstcallpaul.com, FirstCallPaul is involved in certain aspects of personal injury law.

11. SIG's trade name, "Steinger, Iscoe and Greene," is a federally registered trademark with the United States Patent and Trademark Office, Principal Registration No.: 85476749 (hereinafter, the "SIG Trademark, Mark and/or Trade Name").  **See Exhibit "A"**.

12. SIG's Trade Name is unique and valuable property for which it utilizes in its marketing campaign which includes internet, billboards, television and radio advertising.  It has been used in commerce since May 1, 2005.  SIG's Mark is alive and subsisting.

13. Registration on the Principal Register (i.e., SIG's Trade Name) provides constructive notice of the registrant's claim of ownership thereof. The registration of this Mark on the Principal Register is prima facie evidence of the validity of the registered Mark, and of SIG's exclusive right to use the registered Mark in commerce. 15 U.S.C. §1115(a).

14. SIG maintains a website for promotion of its services. The website is located at www.injurylawyers.com.

15. SIG's website receives Many years prior to the infringing and diluting acts of FirstCallPaul, as complained of herein, SIG obtained wide-spread and a substantial number of clients by offering service through the designated SIG Trademark.

16. a sizable number of "hits" or inquiries on a monthly basis.

17. SIG has expended a great deal of time, effort and money developing its intellectual property rights in connection with the word mark **"Steinger, Iscoe and Greene®"** through advertisements which have appeared through various media.

18. SIG's Trademark is, and has been so widely used by SIG to identify SIG's legal services that said legal services are now, and long prior to the acts of FirstCallPaul as complained of herein, have been widely known by consumers seeking legal services in the area of personal injury law.

19. SIG's Mark is strong, famous, and distinctive in Florida, and is an indicator of SIG's high quality legal services.

20. SIG's Mark has acquired Niche Fame in its respective industry.

21. At the heart of this case is the intentional and wrongful use of SIG's registered trademark by FirstCallPaul to steal personal injury clients from SIG.

22. Specifically, FirstCallPaul has and continues to purchase Google Ad-Words that contain all and/or a portion of SIG's Trademark. FirstCallPaul infringement and dilution of the SIG Mark has unfairly diverted consumers searching specifically for SIG, to FirstCallPaul's website.

23. FirstCallPaul is infringing SIG's registered trademark, and has decided to unfairly compete with SIG by stealing personal injury clients and directly divert those consumers to FirstCallPaul's website.

24. There is a likelihood that SIG's Mark has been or will be diluted by FirstCallPauls' actions complained of herein.

25. Upon information and belief, FirstCallPaul enjoys a commercial benefit from its continued infringement and trafficking of these Google Ad-Words and Sig's Trade Name since it is able to continually monitor and evaluate the Internet traffic that "hits" its domain name by the use of the Google Ad-Words containing Sig's Trade Name.

26. There are various methods used to measure web traffic, some of which may include: "Site Centric Measurement (both log-based measurement and browser-based measurement)," "User Centric Measurement," "ISP Centric Measurement" and Google Analytics. New methods for measuring Internet traffic are developing everyday.

27. Upon information and belief, FirstCallPaul maintains records of its web traffic measurements and Google Analytics for commercial reasons.

28. Information relating to Internet traffic is fast becoming one of the hottest commodities in the United States. As such, Internet traffic reports and the information contained therein have a substantial commercial value.

29. SIG relies on consumers' knowledge of its famous trademark **"Steinger, Iscoe and Greene®"** when consumers are searching for SIG's legal services on the Internet.

30. SIG believes that Google Ad-Words that incorporate its famous trademark is a very valuable corporate asset, as it facilitates efficient communication with a customer base. SIG is deprived of exploiting such a valuable corporate asset in this manner and believes that communication with its customer base via the Internet has been damaged.

31. FirstCallPauls' cybersquatting of a domain name (directly though Google Ad-Words) that includes SIG's trademark saps and dilutes Plaintiff's brand strength, sullies Plaintiff's trademark, fosters consumer fraud and incites consumer confusion.

32. SIG never permitted nor licensed FirstCallPaul to use SIG's Mark in this manner.

33. FirstCallPauls' ownership, use, maintenance, and trafficking of SIG's domain name through Google Ad-Words is not fair use that is protected by the First Amendment.

34. FirstCallPaul intentionally continues to traffic in the domain name www.injurylawyers.com to divert Internet traffic from SIG through its infringement tactics and purchase of Google Ad-Words. Through this action, SIG seeks to stop FirstCallPauls' intentional exploitation of SIG's good will in and to the Mark **"Steinger, Iscoe and Greene®"** in violation of Federal and state law. SIG seeks the relinquishment of the Trade Name Ad-Words to SIG pursuant to 15 U.S.C. §1125(d)(1)(C).

35. Upon information and belief, FirstCallPauls' aforesaid acts have caused and will continue to cause consumers to be diverted away from SIG's website, resulting in a loss of an undeterminable amount of business. At the same time, FirstCallPaul will gain valuable information about consumer interest in SIG's services.

36. Namely, highly technical and detailed information about a consumer's geographic location can be gained by analyzing the consumer's IP address when it enters SIG's domain name into an Internet web browser. Thus, FirstCallPaul could evaluate a consumer's interest in SIG's legal services by geographic location merely by analyzing "hits" to its domain name www.firstcallpaul.com through the use of SIG's Trade Name purchased by FirstCallPaul as Google Ad-Words.

37. FirstCallPaul has no intellectual property rights in the trademark "Steinger, Iscoe and Greene" or any trademark that is confusingly similar thereto.

38. FirstCallPauls' aforesaid acts have caused and will continue to cause great irreparable injury to SIG and, unless said acts are restrained by this Court, they will be continued.

39. All conditions precedent to the institution of this action have been waived and/or are otherwise performed.

## Count I - Unfair Competition

40. SIG, re-alleges and re-avers paragraphs 1 through 39 above, as if fully set forth herein.

41. SIG's federal trademark Registration No. 85476749, for **"Steinger, Iscoe and Greene®"**.

42. FirstCallPaul had actual notice of the registration of SIG's mark.

43. FirstCallPaul infringed and continues to infringe on SIG's Mark through its use of identical Google Ad-Words using SIG's Mark.

44. FirstCallPauls' commercial use of the infringing domain and its use of Trademarked Google Ad-Words is causing confusion in the marketplace.

45. FirstCallPaul, is intentionally using and will continue to use in commerce the Mark, which constitutes false designation or origin, false or misleading description of fact or false or misleading representation of fact, all of which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association with SIG, or as to origin, sponsorship or approval of FirstCallPauls' use of SIG's Mark.

46. FirstCallPauls' aforesaid acts constitute false designation of origin, false or misleading description of fact or false or misleading representation of fact in violation of 15 U.S.C. §1125(a) and has damaged SIG.

47. Pursuant to 15 U.S.C. §1117(a) Plaintiff is entitled to recover Defendants' profits obtained as a result of the infringing activities, costs of bringing this action, and any other monetary relief this court deems just and proper.

48. Given that there is no adequate remedy at law as it relates to future infringement of SIG's registered trademark, the entry of a permanent injunction is being requested, as otherwise, FirstCallPaul will continue confusing consumers and SIG will continue to suffer great and irreparable injury.

WHEREFORE, Plaintiff, STEINGER & ISCOE, P.A., d/b/a STEINGER, ISCOE & GREENE, requests this Honorable Court to enter a judgment against Defendants', PAUL K. SCHRIER P.A. and PAUL K. SCHRIER, P.A. d/b/a FIRSTCALLPAUL and CALLPAUL, for damages sustained by the Plaintiff as a result of Defendants' infringement, including profits

obtained by Defendants from the infringement of Plaintiff's registered trademark, costs for bringing this action and any other monetary relief this Court deems just and proper, as well as a permanent injunction restraining Defendants from using Plaintiff's registered trademark.

## Count II - Dilution of Famous Trademark - Tarnishment

49. SIG, re-alleges and re-avers paragraphs 1 through 39 above, as if fully set forth herein.

50. **STEINGER, ISCOE & GREENE®** is a widely recognized trademark by the general consuming public in the State of Florida, and those consumers within the United States that have traveled to Florida and have been exposed to the significant television and billboard advertising efforts undertaken and paid for by SIG, as well as internet based advertising. **STEINGER, ISCOE & GREENE®** functions as the source identifier for legal services in the area of personal injury law. SIG's mark is a famous registered trademark for the general consuming public in need of a personal injury lawyer.

51. Defendants FirstCallPaul uses SIG's Trade Name and/or portions thereof in an unwholesome manner. Namely, given the reality of internet consumers, a consumer seeking specifically the services of SIG by searching for its famous trademark are directed to click and access an active website that portrays, through the use of SIG's trademark, to be linked and/or affiliated to SIG, leading consumers to believe that SIG's services are related and/or affiliated to FirstCallPaul by way of the unauthorized use of SIG's Mark.

52. Upon information and belief, Defendant's use of the Trade Name has been commercial in nature.

53. A commercial advantage has been obtained by FirstCallPaul by strangling a competitor from fully exploiting the viability of its famous trademark for competing services through the world's largest and most efficient marketing venue, the Internet.

54. Thus, the distinctive quality of Plaintiff's famous trademark has been tarnished and damaged.

55. FirstCallPauls' aforesaid acts constitute dilution and a willful violation under 15 U.S.C. §1125(c).

56. Pursuant to 15 U.S.C. §1117(a), SIG is entitled to recover Defendants' profits obtained as a result of diluting SIG's trademark, costs of bringing this action, and any other monetary relief this court deems just and proper.

57. Furthermore, SIG is entitled to injunctive relief against Defendants pursuant to 15 U.S.C. §1125(c), regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

WHEREFORE, Plaintiff's, STEINGER & ISCOE, P.A., d/b/a STEINGER, ISCOE & GREENE, requests this Honorable Court to enter a judgment against Defendants', PAUL K. SCHRIER P.A. and PAUL K. SCHRIER, P.A. d/b/a FIRSTCALLPAUL and CALLPAUL, for damages sustained by the Plaintiff as a result of Defendants' infringement, including profits obtained by Defendants from the infringement of Plaintiff's registered trademark, costs for bringing this action and any other monetary relief this Court deems just and proper, as well as a permanent injunction restraining Defendants from using Plaintiff's registered trademark.

### Count III – Dilution of Famous Trademark - Blurring

58. SIG, re-alleges and re-avers paragraphs 1 through 39 above, as if fully set forth herein.

59. Over the years, the registered trademark **STEINGER, ISCOE & GREENE®** has been extensively advertised in television, radio, billboards and in the internet. The mark has become a famous mark for services related to legal services in the area of personal injury law, and continues to be used exclusively and heavily by SIG in advertising those services. As a result of SIG's efforts, the registered mark is widely recognized by consumers seeking legal representation in Florida in cases involving personal injury.

60. In an effort to munch off the goodwill and fame created by SIG in its use of the mark **STEINGER, ISCOE & GREENE®** as it relates to injury cases, FirstCallPaul willfully and/or purposefully uses SIG's Trade Name and/or portions thereof, in connection with its internet advertising. Specifically, FirstCallPaul has purchased and continues to purchase Google Ad-words containing the registered trademark **STEINGER, ISCOE & GREENE®** and/or a portion thereof. By purchasing Google Ad words containing SIG's registered mark, FirstCallPaul is able to have its website at the top of the first result page in google when consumers search for SIG's website. FirstCallPaul's use of SIG's famous mark in its internet advertising campaign lures consumers to click on FirstCallPaul's website, increasing the degree of similarity between Defendants' trade name and SIG's famous mark in the eyes of the consumers.

61. FirstCallPaul has effectively created a purported association of its services with those of offered by SIG. FirstCallPaul's use of SIG's registered trademark or a portion thereof creates an association between Defendants' trade name and SIG's famous mark, impairing the distinctiveness of the famous mark.

62. The unauthorized use of the Trade Name and diversion of SIG's domain name has severely diminished SIG's registered mark's selling power and value, particularly in this day and age of the Internet.

63. FirstCallPauls' aforesaid acts have caused the unique and distinctive significance and ability of SIG's registered Mark to identify and distinguish one source for the services offered under that mark to be diminished, diluted, weakened and damaged.

64. SIG has no adequate remedy at law, and unless said acts are restrained by this Court, they will be continued and SIG will continue to suffer great and irreparable injury.

65. Pursuant to 15 U.S.C. §1117(a), SIG is entitled to recover Defendants' profits obtained as a result of diluting SIG's trademark, costs of bringing this action, and any other monetary relief this court deems just and proper.

66. Furthermore and pursuant to 15 U.S.C. §1125(c), SIG is entitled to injunctive relief against Defendants regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

WHEREFORE, Plaintiff's, STEINGER & ISCOE, P.A., d/b/a STEINGER, ISCOE & GREENE, requests this Honorable Court to enter a judgment against Defendants', PAUL K. SCHRIER P.A. and PAUL K. SCHRIER, P.A. d/b/a FIRSTCALLPAUL and CALLPAUL, for damages sustained by the Plaintiff as a result of Defendants' infringement, including profits obtained by Defendants from the infringement of Plaintiff's registered trademark, costs for bringing this action and any other monetary relief this Court deems just and proper, as well as a permanent injunction restraining Defendants from using Plaintiff's registered trademark.

## Count IV- Violation of Florida Statute §495.151

67. SIG, re-alleges and re-avers paragraphs 1 through 39 above, as if fully set forth herein.

68. By virtue of extensive and substantial promotion and wide spread sales of its legal services under its aforementioned registered mark, and its maintenance of high quality

standards relating to such legal services, SIG's mark possesses a high degree of distinctiveness that is capable of dilution or injury to business reputation. Said mark identifies to the public that SIG is the source of SIG's services which enjoy an outstanding reputation for quality and distinctiveness.

69. FirstCallPauls' aforesaid acts have diluted and are likely to continue diluting the distinctive quality of SIG's registered mark, constituting dilution and injury to business and reputation in violation of SIG's rights under the Florida Injury to Business Reputation and Anti-Dilution Act, Fla. Stat. §495.151.

70. FirstCallPauls' use creates a likelihood of injury to business reputation or of dilution of the distinctive quality of the SIG's trademark notwithstanding the absence of competition (if any) between the SIG and Defendants or of confusion in the marketplace as to the source of services.

71. FirstCallPauls' acts have harmed SIG's reputation, severely damaged SIG's goodwill, and upon information and belief, have diverted clients from SIG.

72. FirstCallPauls' aforesaid acts have caused and will continue to cause great and irreparable injury to SIG, and unless said acts are restrained by this Court, they will be continued and SIG will continue to suffer great and irreparable injury.

73. SIG has no adequate remedy at law.

WHEREFORE, Plaintiff's, STEINGER & ISCOE, P.A., d/b/a STEINGER, ISCOE & GREENE, requests this Honorable Court to enter a permanent injunction restraining Defendants, PAUL K. SCHRIER P.A. and PAUL K. SCHRIER, P.A. d/b/a FIRSTCALLPAUL and CALLPAUL, from any further dilution of the **STEINGER, ISCOE & GREENE®** Federally registered trademark.

**Count V - Violation of the Anti-Cybersquating Consumer Protection Act ("ACPA")**

74. SIG re-alleges and re-avers paragraphs 1 through 39 above, as if fully set forth herein.

75. SIG is the owner of statutory rights, in addition to common law rights, for the registered mark **"Steinger, Iscoe and Greene®",** which is a registered federal trademark.

76. **"Steinger, Iscoe and Greene ®"** is a recognized and known name throughout the legal services industry.

77. FirstCallPaul obtained and maintains the Google Ad-Words containing SIG's mark with full knowledge of SIG's superior use and ownership of that trademark.

78. FirstCallPaul is diverting business to its domain name "www.firstcallpaul.com" by purchasing and using Google Ad-Words identical to SIG's Trademark.

79. FirstCallPauls' infringement of the mark and diversion of internet traffic from SIG's web domain is for the apparent purpose of preventing SIG's full use of the name as its domain name in promotion of its legal services.

80. FirstCallPaul has already damaged SIG by usurping SIG's Trademark in the form of Google Ad-Words; thereby, preventing SIG of the ability to fully utilize its domain name through its mark.

81. FirstCallPaul knew or must have known of SIG's mark **"Steinger, Iscoe and Greene ®"** prior to its adoption and continued trafficking and infringement of SIG's mark and SIG's domain name.

82. FirstCallPauls' infringement of the mark and diversion of business from SIG's domain to FirstCallPaul's domain, a competing website offering competing services, damaged and continues to damage Plaintiff.

83. Upon information and belief, FirstCallPauls' unfair competition includes damage to SIG, through FirstCallPauls' past or future rerouting of Internet traffic and customers away from SIG's website and services to FirstCallPauls' website or other websites to its benefit and SIG's detriment.

84. FirstCallPaul is SIG's direct competitor and the same type of services as SIG.

85. FirstCallPauls' actions constitute Cybersquatting pursuant to the Anti-Cybersquatting Consumer Protection Act of 1999, which has been incorporated into the Lanham Act as 15 U.S.C. §1125(d).

86. Based upon the foregoing, FirstCallPaul has acted in bad faith and with the intent to either profit from the use of SIG's Mark and/or to deprive SIG of the use of its Trademark to its detriment and has thus damaged SIG

87. Unless enjoined, it is anticipated that FirstCallPaul will continue to infringe on SIG's mark so as to unfairly compete with SIG and damage SIG.

**WHEREFORE,** SIG respectfully requests:

(a) A permanent injunction, enjoining and restraining Defendants, and all those acting on their behalf, from the present use of, and further use of, SIG's Trademark

in any form, including Google Ad-Words containing the Mark;

(b) An Order instructing FirstCallPaul to cancel and cease from use SIG's Trade Name and to immediately delete the Mark and portions thereof from its add campaign;

(c) An Order awarding SIG all damages suffered as a result of Defendant's illegal activities;

(d) An Order awarding statutory damages for the domain name Defendant has unlawfully trafficked in pursuant to 15 U.S.C. §1117(d);

(e) An Order awarding SIG its attorneys' fees and costs pursuant to 15 U.S.C. §1117(a);

(f) An Order mandating that Defendant be required to immediately account for and pay over to SIG, all gains and profits acquired by Defendant by reason of Defendant's diversion of Internet traffic and customers using Plaintiff's trademarked name;

(g) An Order awarding such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated this 17th day of October, 2013.

Respectfully submitted,

By:   /s/Michael J. Pike
Michael J. Pike
Florida Bar # 617296
Daniel Lustig
Florida Bar #. 59225
PIKE AND LUSTIG, LLP
D/B/A TURNPIKE LAW
2465 Mercer Ave, Suite 204
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
pike@turnpikelaw.com

Counsel For SIG